38

DEBIE ET AL., APPELLANTS, *v.* COCHRAN PHARMACY-BERWICK, INC., ET AL., APPELLEES.

(No. 40671—Decided June 28, 1967.)

*Mr. Carl B. Mellman*, for appellants.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Edgar A. Strause, Mr. Thomas M. Taggart, Messrs. Caren, Lane, Huggard, Alton & Horst* and *Mr. Collis Gundy Lane*, for appellees.

BROWN, J. The question presented is whether defendants owed a duty to plaintiff wife, a business invitee, to remove natural accumulations of snow and ice from the sidewalk.

An examination of cases involving falls on natural accumulations of snow and ice on public sidewalks is helpful but not dispositive of the case before us. The general rule governing those cases is that the owner or occupier owes no duty to keep the public sidewalk free from natural accumulations of snow and ice. Annotation, 82 A. L. R. 2d 998; 27 Ohio Jurisprudence 2d 401, Highways and Streets, Section 297.

Here, the defendants are the owners and operators of a store in a privately owned shopping center. The duty that a storeowner owes his customer was stated in paragraph one of the syllabus in *Boles* v. *Montgomery Ward & Co.*, 153 Ohio St. 381:

"The owner or operator of a store who invites the public into his premises to transact business is not an insurer of their safety, but owes the duty to exercise ordinary care to maintain his premises in a reasonably safe condition for the protection of such invitees."

This rule of ordinary care is applicable to a shopping center and the owner must exercise ordinary care to keep abutting sidewalks in a reasonably safe condition. *Bruno* v. *Pendleton Realty Co.*, 240 S. C. 46, 50, 124 S. E. 2d 580.

Although the owner or operator owes this duty of ordinary care, "the liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon." 38 American Jurisprudence, 757, Negligence, Section 97.

We again point out the proposition relied upon by Judge Hart in *Englehardt* v. *Philipps*, 136 Ohio St. 73, 78, "* * * that it is the defendant's superior knowledge of existing dangers or perils to persons going upon the property which is the basis of liability." *Thompson* v. *Ohio Fuel Gas Co.*, 9 Ohio St. 2d 116, 120.

In *Nance* v. *Ames Plaza, Inc.*, 177 Neb. 88, 128 N. W. 2d 564, which involved a fall on an icy sidewalk in a shopping center the court stated at page 94:

"* * * If however the condition and circumstances are such that the invitee has knowledge of the condition in advance * * * then it may not be said that the inviter is guilty of actionable negligence. * * *

"Here the action is related to a claimed accumulation of ice and snow. A rule applicable in such a situation is that an inviter with relation to common outside areas may not be charged with negligence by reason of natural accumulations of ice and snow which are open and obvious. * * *"

We concur in the views expressed in the *Nance case* and hold that where, as here, the owner or occupier of business premises is not shown to have notice, actual or implied, that the natural accumulation of snow and ice on his premises has created there a condition substantially more dangerous to his business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area, there is a failure of proof of actionable negligence.

The mere fact standing alone that the owner or occupier has failed to remove natural accumulations of snow and ice from private walks on his business premises for an unreasonable time does not give rise to an action by a business invitee who claims damages for injuries occasioned by a fall thereon.

Similar results have been reached in cases involving natural accumulations of snow and ice on private parking lots. See *Crawford* v. *Soennichsen*, 175 Neb. 87, 120 N. W. 2d 578; *Crenshaw* v. *Firestone Tire & Rubber Co.*, 72 N. M. 84, 380 P. 2d 828; *Watts* v. *Holmes* (Wyo. 1963), 386 P. 2d 718.

It should be pointed out that this case is different from a landlord-tenant situation, *e. g.*, *Oswald* v. *Jeraj*, 146 Ohio St. 676, where the action is by the tenant, and the landlord has undertaken to remove snow and ice within a reasonable time. Likewise, the rule applied here may not apply to actions by passengers against common carriers whose duty to paying passengers is greater than that owed by an owner or occupier of premises to an invitee. *Dietrich* v. *Community Traction Co.*, 1 Ohio St. 2d 38; *Jones* v. *Youngstown Municipal Ry. Co.*, 133 Ohio St. 118.

Plaintiffs contend that Mrs. Debie was a "frequenter" of a place of employment (Section 4101.01 [E], Revised Code), and that Section 4101.11, Revised Code, required the defend-

ant store-operator to "* * * furnish a place of employment * * * safe for the employees therein and for frequenters thereof * * *."

Even if it be assumed that plaintiff wife was a frequenter and entitled to the benefits of Section 4101.11, Revised Code, that section requires no more care than is owed by an owner of property to an invitee. *Ford Motor Co.* v. *Tomlinson*, 229 F. 2d 873.

Since there were no disputed questions of fact bearing on the issue of liability and under the law applicable to those facts reasonable minds could come to but one conclusion, the trial court was correct in granting the defendants' motion for summary judgment.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL and SCHNEIDER, JJ., concur.

HERBERT, J., dissents.