LONGENBERGER, APPELLEE, *v.* COLLINS FOOD ET AL., APPELLANTS.

(No. 8285—Decided March 30, 1977.)

*Mr. Gerald R. Leipply,* for appellee.
*Mr. Don R. Miller,* for appellants.

DOYLE, J. This is an appeal from a judgment of the Court of Common Pleas of Summit County in an action for personal injuries and medical expenses in which the plaintiff, Margaret Longenberger, was awarded damages in the amount of $30,000 against the defendants, Collins Food, d.b.a. Sizzler Family Steak House, et al. The defendant appeals and specifies errors which are claimed to be prejudicial and warrant a reversal of the judgment.

Margaret Longenberger and her daughter drove their automobile onto a concrete paved parking area serving the customers of the defendants' public restaurant. They

parked their car and arm-in-arm walked toward the front door of the building. At the front door was a cement slab, approximately five by seven feet wide and several inches high, making a small porch to step up as one entered the door of the building. This slab was surrounded by the asphalt of the parking lot. As Mrs. Longenberger proceeded to the slab, she slipped and fell which resulted in a serious hip injury.

As stated above, the parking area was concrete. To reach the front door from where the car was parked, it was necessary to ascend a slight rise of the ground to a point immediately in front of the slab where the rise of the pavement became steeper than it had been at a further distance.

The entire area was covered with a substantial amount of ice and snow. It was claimed, and there is evidence to show, that the plaintiff fell and broke her hip as she was about to step up on the slab and that her fall was precipitated by the change in elevation immediately in front of the slab, which, being covered by snow and ice, was not observable and of which the plaintiff was unaware.

The complaint charged specifically that the:

"* * * fall was caused by the * * * negligence of the defendants in that they defectively constructed the parking lot in question and maintained same in a dangerous condition, all of which was unknown to this plaintiff as she approached the front door of the restaurant on the day in question."

The defendants' answer, in addition to a general denial of the claims of negligence, charged negligence on the part of the plaintiff, assumption of risk and contributory negligence.

Two assignments of error are argued by the defendant restaurant. They are:

"I The decision of the trial court, in overruling the defendants-appellants' two motions for directed verdict and the motion for judgment notwithstanding the verdict is contrary to law.

"II. The decision of the trial court, in overruling the

defendants-appellants' two motions for directed verdict and the motion for judgment notwithstanding the verdict, is against the manifest weight of the evidence."

There is, in this state, a rather long line of cases supporting the rule that there is no obligation to protect an invitee entering into a public building against dangers which are known to the invitee and which are so obvious and apparent to her that she may be reasonably expected to discover them. Against such conditions, it may normally be expected the visitor will protect herself. In *Debie* v. *Cochran Pharmacy-Berwick, Inc.* (1967), 11 Ohio St. 2d 38, the Supreme Court ruled, in its syllabus:

"1. Where the owner or occupier of business premises is not shown to have notice, actual or implied, that the natural accumulation of snow and ice on his premises has created there a condition substantially more dangerous to his business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area, there is a failure of proof of actionable negligence.

"2. The mere fact standing alone that the owner or occupier has failed to remove natural accumulations of snow and ice from private walks on his business premises for an unreasonable time does not give rise to an action by a business invitee who claims damages for injuries occasioned by a fall thereon."

Compare, Chief Justice Taft's opinion in *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45.

However, under the rationale of *Debie, supra,* the owner of business property has a duty to remove natural accumulations of ice and snow which he knows or should know have created a condition substantially more dangerous to his business invitees than they could reasonably anticipate from their knowledge of weather conditions prevailing generally in the area.

In a later case, *Mikula* v. *Slavin Tailors* (1970), 24 Ohio St. 2d 48, the Supreme Court considered a snow and ice case where a dangerous condition existed under the snow covering and made the following pronouncement:

"Where an owner in control of a business parking area has notice, actual or constructive, that a natural accumulation of snow thereon has, by reason of covering a hole in the surface thereof, created a condition substantially more dangerous to a business invitee than that normally associated with snow, such owner's failure to correct the condition constitutes actionable negligence." (Paragraph five of the syllabus.) Compare, *DeAmiches* v. *Popczun* (1973), 35 Ohio St. 2d 180.

Looking now to the case here, we find evidence establishing a sharp and sudden rise in the otherwise gradual rise of the concrete approach to the slab at the entrance of the restaurant. This sudden rise was covered with ice and snow and concealed from the view of the invitee. The owner of the premises was bound to know of this condition and was bound to know that it was substantially more dangerous, when covered by ice and snow, than that created by a normal accumulation of ice and snow on an even surface. The invitee, plaintiff, was not bound to anticipate an abrupt change in grade as an ordinary hazard. Stated succinctly, the injured lady was not bound to protect herself against a danger she could not reasonably foresee— to-wit, the abrupt rise in the entrance to the premises.

In conclusion, we find the assignments of error not well taken and we overrule each of them.

*Judgment affirmed.*

Bell, P. J., and Victor, J., concur.

Doyle, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.