795 F.2d 85
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RANGER INSURANCE COMPANY, et al., Plaintiffs,
DON SCARBOROUGH; BOBBIE SUE SCARBOROUGH; Plaintiffs-Appellants,
TAG CHEMICALS, INC., Defendant-Appellee.
 No. 85-3401.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1986.
 
 BEFORE: KEITH and MARTIN, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellants, Donald and Bobbie Sue Scarborough, appeal the directed verdict for defendant in this diversity action for personal injury. The suit arose when appellant Don Scarborough slipped and fell on ice at the business premises of appellee Tag Chemicals, Inc. Ranger Insurance Company was granted leave to intervene as a necessary party plaintiff because it had a right to subrogation for amounts it paid appellant. Ranger Insurance Company has not taken part in this appeal. The district court overruled appellee's summary judgment motion because it had failed to present evidence on all material determinative issues. At the close of all the evidence, the district court directed a verdict for appellee, reasoning that as a matter of law appellants could not show that appellee breached a legal duty owed to Don Scarborough. We affirm.
 
 
 2
 Appellant Donald Scarborough was an experienced truck driver, employed by Enterprise Trucking Company of Beaumont, Texas. On March 5, 1985, appellant and his co-driver, Cass A. Rich arrived at Tag Chemical, Inc. in Toledo, Ohio. Although the sun was shining, it was extremely cold and the Toledo area was covered with ice and snow. Appellant switched driving with Mr. Rich because appellant experienced difficulty ascending an incline on ice and snow. After Mr. Rich parked the truck, appellant slipped and fell on his back as he walked down the incline toward the truck. The fall caused various personal injuries to appellant. Afterwards, it was determined that appellant slipped on a layer of ice which was underneath the snow. Appellee Tag Chemicals was aware of the snow and ice conditions and had been informed earlier that morning that the roadway was slippery from the accumulation.
 
 
 3
 Appellants argued that the case should have gone to the jury on the issue of who was responsible for appellant's injury; specifically, who had a duty to prevent the injury and who was in the best position to prevent the injury. The district court disposed of this argument by stating, "the Ohio courts have consistently found that a property owner has no duty to remove a natural accumulation of snow and ice." We agree with the district court's determination that in Ohio the property owner has no legal duty to protect the business invitee against the dangers from a natural accumulation of snow and ice. Debie v. Cochran Pharmacy-Berwick, Inc., 11 Ohio St. 2d 38, 227 N.E. 2d 603 (1967); Chadwick v. Barba Lou, 69 Ohio St. 2d 222, 431 N.E.2d 660 (1982).
 
 
 4
 The district court also held that under the substantive law of Ohio, the appellant only presented evidence that he fell while walking upon a natural accumulation of ice and snow. We agree that as a matter of law this evidence alone is insufficient to prove the defendant breached a legal duty owed to appellant.
 
 
 5
 Upon consideration of the briefs and the record on appeal, this Court concludes that the district court properly granted appellee's motion for directed verdict. Accordingly, the judgment of the Honorable Sam H. Bell is hereby affirmed.