OPINION
Appellant Susanne Neff and her husband, Douglas, pursuing claims resulting from her personal injuries, contend Judge Patricia Cleary erred in granting the motion for summary judgment of appellee Western Reserve Restaurant Mgt., Inc. ("Western"). She argues that when the restaurant undertook to shovel and salt a walkway, a question of fact exists over whether negligence in performing the task increased the risk of harm to her. We disagree and affirm.
The record reveals the following: Western owns and operates a Wendy's restaurant at 13246 Cedar Road in Cleveland Heights, Ohio. On December 18, 1995, Neff, then aged 40 years, was a fourth grade teacher at Canterbury School in Cleveland Heights. She was driven by a companion to the restaurant during the luncheon break, a place she frequented about two to three times per week. She recalled the weather that day as being very cold and a little snowy and noted it was lightly snowing as she arrived. She wore leather boots that had a "rubber like track sole", carried a shoulder bag and did not have any difficulty walking across the lot or entering the restaurant.
Neff ate her lunch and remained inside for about thirty-five minutes. Accompanied by her friend, Neff walked on the sidewalk toward the back of the parking lot and was careful to look at the ground as she walked because of the weather. When she reached that portion of the sidewalk that slopes downward to the level of the parking lot (described as the handicap ramp), her feet flew out from under her and she landed on her buttocks. Although she used her right hand to brace the fall, she continued to fall backwards and hit her head on the pavement. She remained in that position for several minutes to collect herself, declined to have a rescue squad called, and returned to her school. Prior to her fall, Neff did not recall the sidewalk as being slippery or her footing to be a problem, but, after falling and trying to get up, she noticed that the ramp area was covered in what she described as a "glaze of ice".
She claimed, as a result of the fall, injuries to her buttocks and tailbone, hand, low and middle back for which she received conservative medical care. On November 20, 1997, she and her husband filed a complaint seeking damages for negligent maintenance and creation of a hazardous condition. An answer was filed and discovery undertaken.
Terri Martin, the general manager at the Wendy's in question, testified that she oversaw the maintenance of the inside and outside of the restaurant. During the winter months there is a routine maintenance protocol for the shoveling of snow and the spreading of ice melt on the sidewalks, ramps and entryways. Usually the crew person responsible for this task would arrive at 9:00 a.m. and begin shoveling and applying ice melt to the walkways and entrances so that they would be cleared by the 10:30 a.m. opening. Martin did not specifically recall December 18, 1995, but, because it was her duty to inspect each job upon its completion, she was certain that on that December 18th it was done to her satisfaction. After Neff returned to the restaurant to report the incident, Martin completed a report through which she was able to confirm that ice melt had indeed been applied as usual, although she could not recall if she had personally confirmed that fact or if it was relayed to her by word of mouth.
Martin stated it was not her policy to monitor the specific actions of each crew person, or to check to see whether the ice melt was being applied on a regular basis. She noted, however, that the policy, or protocol, was to let the weather dictate the necessity of the snow removal and the re-application of ice melt. If the walkways became slippery, shoveling was done and ice melt applied. Martin did admit, however, if ice was indeed present when Neff fell, the protocol of ice and snow removal had not been properly followed.
Neff was deposed on July 8, 1998, and on July 16, 1998, Western filed a motion for summary judgement to which Neff responded. The judge granted Western's motion for summary judgment on September 15, 1998.
Neff's sole assignment of error reads:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFF-APPELLANTS.
Neff contends that, while an owner or occupier generally does not owe a duty to a business invitee to remove the natural accumulations of ice and snow, Ohio has carved out an exception that provides that once an owner or occupier undertakes the duty of removing such natural accumulations, he is then expected and required to use ordinary care to render the area in question reasonably safe. She maintains that the formation of ice on the ramp is evidence that Wendy's did not use ordinary care because it did apply ice melt to that area although it had shoveled and salted the walkway leading to it.
Western counters that Wendy's did make its walkways reasonably safe through shoveling and the application of ice melt, but the conditions of the day were such that a constant monitoring of the surfaces was impossible. It contends that these conditions caused the burden to shift, and, in turn, it was Neff who was required to exercise reasonable care in her ingress and egress.
We review the instant assignment of error de novo. Brown v.Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153, 1158. See, also, Soltis v. Wegman, Hessler, Vanderburg O'Toole (Feb. 13, 1997), Cuyahoga App. No. 69602, unreported. In an action for summary judgment, when construing the evidence in favor of the non-moving party, the judge is compelled to affirm provided that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence and the inferences to be drawn therefrom in favor of the non-moving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-movant. Civ.R. 56(C); Zivich v. Mentor Soccer Club, Inc.
(1998), 82 Ohio St.3d 367, 696 N.E.2d 201; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 375 N.E.2d 46. See, also, Turner v. Turner (1993), 67 Ohio St.3d 337, 341. Summary judgment can only be granted if the entire record demonstrates no genuine issue of material fact, and the non-movant is entitled to judgment as a matter of law. Civ.R. 56, Harless, supra.
In slip and fall cases involving the accumulation of snow and ice it is important to remember that:
 In a climate where the winter brings frequently recurring storms of snow and rain and sudden and extreme changes in temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention and, usually, correction. * * * To hold that a liability results from these actions of the elements would be the affirmance of a duty which it would often be impossible, and ordinarily impracticable * * * to perform.
Lopatkovich v. City of Tiffin (1986), 28 Ohio St.3d 204,503 N.E.2d 154. See, also, Brinkman v. Ross (1993), 68 Ohio St.3d 82,623 N.E.2d 1175. Further, "[t]he dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them." Sidle v. Humphrey (1968) 13 Ohio St.2d 45,233 N.E.2d 589, paragraph two of the syllabus. See, also, Debie v.Cochran Pharmacy-Berwick Inc. (1967), 11 Ohio St.2d 38,227 N.E.2d 603; Bittinger v. Klotzman (1996), 113 Ohio App.3d 847,682 N.E.2d 688.
Ordinarily, a owner or occupier of land owes a business invitee a duty to exercise reasonable care in providing premises which are safe for his use, which includes the responsibility to provide a reasonably safe ingress and egress. Tyrell v. InvestmentAssoc., Inc. (1984), 16 Ohio App.3d 47, 474 N.E.2d 621, paragraph one of the syllabus. However, this duty extends only to those hazards associated with "nonnatural accumulations of ice and snow in an area which differs markedly from surrounding conditions." Id.
"It is only where it is shown that the owner had superior knowledge of the particular danger which caused the injury that liability attaches, because in such a case the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate." LaCourse v. Fleitz (1986), 28 Ohio St.3d 209,503 N.E.2d 159. See, also, Debie, supra; Mikula v. Slavin Tailors
(1970), 24 Ohio St.2d 48, 263 N.E.2d 316. Standing alone, the mere fact that an owner or occupier fails to remove natural accumulations of ice and snow from his business "premises for an unreasonable time does not give rise to an action by a business invitee who claims damages for injuries occasioned by a fall thereon." Debie, supra, paragraph two of the syllabus.
In the case sub judice, save for her claim that ice was only present on the ramp area of the walkway, Neff has failed to present any evidence that the employees of Wendy's, on the day in question, were negligent in their maintenance of the handicap ramp and the snow and ice removal incident thereto. Martin's deposition clearly indicates that prior to opening the restaurant an effort was made, according to Wendy's protocol, to shovel the accumulations of snow and place ice melt on the walks and ramps to provide a safe ingress and egress. The weather conditions on December 18, 1995, were described by Neff as a blustery light snow and by Martin that of sleet and light rain. It is obvious that even a dutiful check of accumulation and ice by the employees of Wendy's may not uncover every potential hazard associated with the storms of the day. Further, such condition placed Neff on notice that a potential hazard might arise, and, as a result, she was also under a duty to take reasonable care and caution in her egress.
Even if Wendy's maintenance of the handicap ramp was unreasonable, it does not give rise to liability where the hazard was the result of a natural accumulation as in the present action.
Neff suggests that "the law as enunciated in" Debie v. CochranPharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, 227 N.E.2d 603, supports a finding that Wendy's is liable to Neff because, despite the natural accumulation of snow and ice, it had actual or implied notice that the ramp condition was substantially more dangerous than the contiguous walkway. Neff's position is supported only by her claims that Wendy's salted only the walkway, because Neff encountered no ice on it, but Wendy's failed to salt the ramp area, because she did encounter ice at that location and fell. Alternatively, Neff argues that Wendy's set a trap for her by creating a safe salted walkway but then exposing her to an unsalted area of invisible ice.
Although Neff contends that ice had formed on the ramp area several hours after the restaurant opened, she has failed to present any evidence that the ramp area was not salted at the same time as the walkway. Accordingly, the lack of evidence supporting a genuine issue of material fact on liability renders the order granting Western's motion for summary judgment appropriate.
Judgment affirmed.
It is ordered that the appellee recover from appellant(s) its costs herein taxed.
This court finds that there was reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., AND KENNETH A. ROCCO, J.,CONCUR.
 __________________________________ ANNE L. KILBANE, JUDGE