JOURNAL ENTRY AND OPINION
Michael Paventi appeals from a judgment of the common pleas court granting summary judgment in favor of Clara Campensa, the owner of a building located at 12200 Mayfield Road in Cleveland, Ohio, in connection with Paventi's claim for injuries sustained when he slipped and fell on an accumulation of ice and snow on the sidewalk in front of Corbo's Bakery in an area of Cleveland known as Little Italy. Paventi urges on appeal that a genuine issue of fact exists concerning whether Campensa assumed a duty to remove an unnatural accumulation ice and snow. After careful review, the record demonstrates that Paventi did not prove a prima facie case of negligence; he also failed to establish that Campensa removed snow on the day of his fall and failed to demonstrate that he fell on an unnatural accumulation of ice and snow. Therefore, we have concluded that the court did not err in granting summary judgment in Campensa's favor.
On January 13, 1996, following his son's basketball game, Paventi parked his vehicle on the south side of Murray Hill and walked toward Corbo's Bakery. With his son about five or six feet ahead of him, Paventi stepped over a snowbank on the curb to get on the sidewalk and noticed it was icy with a little bit of light snow. He experienced slippery conditions and after taking a few steps, he slipped and fell on the sidewalk, and because he had his hands in his jacket pockets, he landed on his shoulder. Paventi immediately told his son to go into the bakery to get some help. John Corbo, the owner of the bakery, came out and assisted him. As a result of his fall, Paventi fractured his shoulder.
Corbo had arranged for his son, Joe, to remove snow from the sidewalk, but the record here does not contain any evidence that Joe had removed snow on the day of Paventi's fall.
On January 21, 1997, Paventi filed a complaint against Campensa, the owner of the building, alleging that he slipped and fell on an unnatural accumulation of snow and ice resulting from her negligence. Campensa answered the complaint, and also filed a third-party action against the bakery for indemnification and contribution. The court granted summary judgment in favor of the bakery on her third-party complaint.
During the discovery phase of the litigation, Paventi stated in his deposition that he lived on Mayfield Road his entire life and that he frequented the bakery three or four times a week. Further, that on the day of his injury, he knew of the slippery conditions when he began to walk on the sidewalk.
Campensa moved for summary judgment in connection with Paventi's complaint on the basis that she had no duty to remove a natural accumulation of snow and ice, and that she had no notice of the slippery sidewalk condition. The trial court granted her motion and added the "no just reason for delay" language to its entry. Paventi now appeals from that judgment and raises one assignment of error for our review, which states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WITH REGARD TO PLAINTIFF'S NEGLIGENCE CLAIM AGAINST THE DEFENDANT.
Paventi urges the trial court erred when it granted summary judgment because he claims a genuine issue of material fact exists concerning whether Campensa had assumed a duty to remove an unnatural accumulation of snow and ice from the sidewalk. Campensa contends that, as the building owner, she does not owe a duty to remove natural accumulations of snow or ice and that she did not know of the icy sidewalk conditions. Thus, the issue presented for our review is whether the trial court properly granted summary judgment in this case.
Civ.R. 56(C) concerns summary judgment and provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56(E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In order to establish negligence, Paventi must prove that Campensa owed a duty to him, and demonstrate a breach of that duty, which proximately caused his injury. See, Texler v. D.O. SummersCleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677.
Specifically, with reference to cases involving ice and snow, the court in Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, the court stated in its syllabus:
 1. Where the owner * * * of business premises is not shown to have notice, * * * that the natural accumulation of snow and ice on his premises has created there a condition substantially more dangerous to his business invitees than they should have anticipated by reason of their knowledge of conditions * * *, there is a failure of proof of actionable negligence.
The Ohio Supreme Court discussed the basis for precluding liability in natural accumulation cases in Brinkman v. Ross (1993),68 Ohio St.3d 82:
 The underlying rationale in * * * Sidle, supra, is that everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow.
In Ramesdorfer v. Standard Oil Co. (May 22, 1973), Cuyahoga App. No. 31750, unreported, our court considered a case involving injuries sustained when Ramesdorfer fell on ice formed by the refreezing of water which had run off from a melting snow pile. That ice had been concealed by a light powder of fresh snow, and we stated:
 [D]efendant is not liable unless it has by its negligence "* * * caused or created such a dangerous [icing] condition by artifically accumulating * * * surface water and causing it, as thus accumulated, to be discharged upon the public way or sidewalk, in considerably greater amount than there would have been from natural causes * * * [citations omitted.] (Emphasis in original.
In this case, the facts are similar to those in Ramesdorfer. Here, by his own testimony, Paventi admitted that he knew of slippery conditions on the sidewalk. He further testified that the sidewalk had been covered with a light dusting of snow. This permits an inference that he slipped on a natural as opposed to an unnatural accumulation of snow. Further, he has not demonstrated that Campensa removed snow on the day of his fall or that snow had been removed in a negligent fashion.
Further, Paventi never demonstrated that Campensa had notice of the slippery condition. His testimony shows that he knew and perceived the danger, and even though he tried to be careful, he fell after taking about ten steps. Thus, Paventi had knowledge of the danger and has offered no evidence that Campensa had superior knowledge of the icy condition.
Thus, Paventi has not demonstrated that Campensa owed him a duty to remove the snow or that she had any notice of the icy sidewalk condition. We conclude from our review of the testimony that Paventi slipped on a natural accumulation of snow and ice and that Campensa had no duty to remove such accumulation. Thus, no genuine issue of material fact exists, and Campensa is entitled to judgment as a matter of law. This assignment of error is therefore overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and MICHAEL J. CORRIGAN, J., CONCUR
 ____________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE