OPINION
¶ 1 This is an appeal from a summary judgment ruling by the Court of Common Pleas of Tuscarawas County, Ohio.
 STATEMENT OF FACTS AND CASE ¶ 2 Appellants were tenants of Appellees and regularly paid their rent by depositing each month's payment in a mailbox on the garage door at Appellees' residence.
¶ 3 On March 3, 2003, Appellant, Shannon Allmen, fell on ice when she approached such mailbox to deposit the rental payment.
¶ 4 While she claimed the ice was an unnatural accumulation resulting in liability for her injuries, the Court found otherwise and granted Appellees' Civ. R. 56 Motion.
¶ 5 The sole Assignment of Error is:
 ASSIGNMENT OF ERROR ¶ 6 "I. THE TRIAL COURT ERRS IN GRANTING SUMMARY JUDGMENT WHEN THE FACTS ESTABLISH PRIOR KNOWLEDGE BY THE PROPERTY OWNER OF AN UNNATURAL ACCUMULATION OF PRECIPITATION."
¶ 7 Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C).
¶ 8 Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
¶ 9 Civil Rule 56(C) provides in part:
¶ 10 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."
¶ 11 The court in this instance had the depositions of the Appellants and the pleadings.
¶ 12 While Appellants refer to the knowledge of Appellee Randy Tschudy and a corrective ditch having been installed and recites certain page numbers of his deposition, such deposition has not been filed and such knowledge or corrective action, if such was indicated, could not be considered by the trial court in ruling on the summary judgment motion, nor by this court.
¶ 13 The law applicable to icy conditions has been stated many times in various cases.
¶ 14 The Ohio Supreme Court in Sidle v. Humphrey (1968),13 Ohio St.2d 45 held:
¶ 15 "The common-law duty, owed by landlord to a business invitee of his tenant who is on a portion of the premises over which the landlord has retained control, is no greater than the common-law duty that any other occupier of premises would owe to his business invitee.
¶ 16 "* * * *
¶ 17 "Mere fact, standing alone, that owner or occupier has failed to remove natural accumulations of snow and ice from private walks on his business premises for an unreasonable time does not give rise to an action by a business invitee who claims damages for injuries occasioned by a fall thereon."
¶ 18 Also, such court in Debie, et al. v. CochranPharmacy-Berwick, Inc., et al. (1967), 11 Ohio St.2d 38 stated:
¶ 19 "Where owner or occupier of business premises was not shown to have notice, actual or implied, that the natural accumulation of snow and ice on his premises had created there a condition substantially more dangerous to his business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area, there was a failure of proof of actionable negligence."
¶ 20 Again, in Brinkman v. Ross (1993), 68 Ohio St.3d 82:
¶ 21 "* * * homeowners had no common-law duty to remove or make less hazardous natural accumulation of ice and snow, or to warn guests of inherent dangers presented by natural accumulations of snow and ice."
¶ 22 Appellants here claim that water pooled in a depression in the walkway where the ice formed. A similar argument was made in Juredine v. Heather-Hill, Inc. (March 26, 1993), Ohio App. 11 Dist., Case No. 92-G-1704, but such was rejected.
¶ 23 Appellant Richard Allmen was not in Ohio when the fall occurred.
¶ 24 Shannon Allmen was aware of the rain which preceded the bitter cold weather of that morning. (Dep. P. 27).
¶ 25 She had no knowledge that Appellees were aware of the ice which had formed. (Dep. P. 43).
¶ 26 She assumed a wall blocked runoff. (Dep. 39). The briefs in this case refer to the height of such wall but no depositions on file are supportive thereof.
¶ 27 The conclusion which must be reached is that, while Appellant Shannon Allmen clearly did not see the ice upon which she fell, no notice to Appellees of a condition more dangerous than normally resulting from freezing rain in typical Ohio weather has been established by the materials before the Court in opposition to the Civ. R. 56 Motion, nor has there been any showing of an unnatural accumulation of rain resulting in the ice.
¶ 28 This cause is affirmed at Appellants' costs.
By: Boggins, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the judgment of the Tuscarawas County Common Pleas Court, Tuscarawas County, Ohio is affirmed. Costs assessed to Appellants.