JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff Veronica Ebenger (appellant) appeals the court's granting summary judgment to defendants Elayne Apartments, Inc., et al., (the apartment) in her personal injury claim. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 3} On February 13, 2003, appellant visited her son at the apartment, located in Parma Heights, Ohio. As she descended a common stairway to enter the building, appellant slipped on accumulated ice, fell, and sustained injuries to her back, neck, head and left arm. On February 2, 2005, appellant filed suit alleging that the ice accumulation was unnatural, the apartment was negligent, and it should be held liable for her injuries. On November 30, 2005, the court granted summary judgment in favor of the apartment, and it is from this journal entry that appellant appeals.
 II. {¶ 4} In her sole assignment of error, appellant argues that "the trial court erroneously granted defendant[s]-appellees' motion for summary judgment because genuine issues of material fact remain which should properly be decided by a jury." Specifically, appellant makes three subarguments, all alleging that the apartment was negligent in not properly removing the ice and snow that accumulated on the stairs at the entrance to the building. We will generally outline premises liability law and then address each subargument as it relates to the court's granting summary judgment.
 {¶ 5} It is well settled in Ohio that a property owner is not liable for injuries to tenants or visitors who slip and fall on natural accumulations of ice and snow. See, e.g., La Course v.Fleitz (1986), 28 Ohio St.3d 209; Sidle v. Humphrey (1968),13 Ohio St.2d 45. Appellant points to three exceptions to this general rule. After review, we find the exceptions can be consolidated into two propositions of law.
 {¶ 6} First, when a property owner has "notice, actual or implied, that the natural accumulation of snow and ice on his premises has created there a condition substantially more dangerous to his business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area," the property owner may be liable for negligence. Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, 41.
 {¶ 7} Second, when a property owner "is actively negligent in permitting and/or creating a dangerous or unnatural accumulation of snow and ice," the property owner may be liable for negligence. Lopatkovich v. City of Tiffin, et al. (1986),28 Ohio St.3d 204, 207. Appellant also cites the following from the syllabus of Oswald v. Jeraj (1946), 146 Ohio St. 676, which we find to be similar to Lopatkovich's holding: a property owner "who assumes the duty of keeping [common] approaches clean and free from ice and snow is required to exercise ordinary care to render such common approaches reasonably safe for use by the tenants."
 {¶ 8} Appellate review of granting summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that 1) there is no genuine issue of material fact; 2) they are entitled to judgment as a matter of law; and 3) reasonable minds can come but to one conclusion and that conclusion is adverse to the nonmoving party. Dresher v. Burt
(1996), 75 Ohio St.3d 280.
 {¶ 9} In the instant case, appellant urges us to find that genuine issues of material fact exist as to whether the apartment created a condition substantially more dangerous than appellant could have reasonably expected, and as to whether the apartment's attempt to remove the snow and ice from the steps was negligent. However, the only fact that appellant produces in the record is that the apartment's maintenance crews salted the steps and "chopped" away some of the accumulated ice earlier that day. Nothing suggests that this de-icing left the stairway in a more dangerous condition nor that the apartment did not exercise ordinary care in its actions. In short, there are no issues of material fact — both parties agree on what happened — and because a property owner is not liable for natural accumulations of ice and snow, the apartment is entitled to judgment as a matter of law. "The mere fact standing alone that the owner or occupier has failed to remove natural accumulations of snow and ice from private walks on his business premises for an unreasonable time does not give rise to an action by a business invitee who claims damages for injuries occasioned by a fall thereon." Debie,11 Ohio St.2d at 41.
 {¶ 10} Accordingly, the court did not err by granting summary judgment, and appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Corrigan, J., concur.