[Cite as *Logan v. Ohio Univ.*, 2009-Ohio-7170.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JANE S. LOGAN

     Plaintiff

     v.

OHIO UNIVERSITY

     Defendant

     Case No. 2009-06788-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION


{¶ 1} Plaintiff, Jane S. Logan, filed this action against defendant, Ohio University (OU), contending that her 2005 BMW 325i was damaged as a result of negligence on the part of defendant in maintaining a hazardous condition on the grounds of the OU Chillicothe branch parking lot. Plaintiff related that she and her daughter traveled to the OU Chillicothe Campus in separate vehicles on July 10, 2009 to attend freshman orientation. Plaintiff further related that her daughter was driving the 2005 BMW 325i and parked the car in a space at defendant's parking lot. Plaintiff noted that after attending the orientation, "[w]e got into the car and backed out of the parking spot." Plaintiff recalled that she heard a "grating sound" as the car backed away and she then "looked forward to see the concrete parking block (at the end of the parking space) with the rebar protruding upward on the right end of the block about 3-4 (inches)." According to plaintiff, she and her daughter then traveled to their residence and after arriving home inspected the vehicle for damage; discovering that "the bumper had been ripped and pulled away from the car." Plaintiff stated that she also observed the vehicle's "wheel fender liner was loose and dangling in front of the tire."

Subsequently, on July 14, 2009, plaintiff's daughter telephoned the Chillicothe Police Department and reported the property damage occurrence of July 10, 2009.

**{¶ 2}** On July 27, 2009, plaintiff's daughter, Leah Logan, filed an "Incident Report" (copy submitted) with defendant. Leah Logan recorded the following written description of the July 10, 2009 property damage occurrence: "when I pulled out of the parking spot there was a tugging on the car and the iron rod (anchoring rebar) of the concrete parking block was too far up and pulled the wheel well and bumper off, causing permanent damage to the vehicle." Plaintiff provided a written witness statement that was filed with the "Incident Report." In her statement, plaintiff explained that she was driven to the OU Chillicothe branch campus by her husband on July 10, 2009, went to the freshman orientation program with her daughter, and then returned with her daughter to the parking lot where the 2005 BMW 325i was parked. Plaintiff did not witness Leah Logan initially parking the BMW in the parking space at defendant's parking lot. Plaintiff wrote that "[u]pon backing out of the parking space there was a grating sound; I looked at the parking block and notice rebar protruding from the top right side about 3-4 (inches)." Plaintiff described the damage she later observed on her car. According to information provided by Leah Logan, she seemingly initially pulled into and parked plaintiff's vehicle without incident. The damage to the vehicle seemingly occurred upon backing the car out of the parking space.

**{¶ 3}** Plaintiff submitted photographs depicting the parking block with protruding rebar as well as the damaged area on her car. The parking block appears to be at least six inches in height with a piece of anchoring rebar protruding perhaps two inches from the top of the parking block. From a review of the photographs, the damage depicted on plaintiff's car appears consistent with the vehicle's front end catching on rebar protruding from a parking block. Furthermore, it should be noted that the photographs show scratches along the right front bumper of plaintiff's automobile that run from the bottom of the bumper upward perhaps four plus inches.

**{¶ 4}** Plaintiff contended that the damage to her automobile was proximately caused by negligence on the part of defendant in maintaining a hazardous condition on the OU Chillicothe branch parking lot. Plaintiff filed this complaint seeking to recover $862.26, the total cost of automotive repair needed as a result of her car contacting with the concrete parking block and protruding rebar anchor. The filing fee was paid.

{¶ 5} Defendant contended that plaintiff failed to offer sufficient evidence to prove her property damage was caused by any negligence on the part of OU Chillicothe. Defendant has argued that plaintiff failed to prove the damage to her car occurred on OU Chillicothe premises. Defendant further argued that, if the trier of fact does find plaintiff's damage occurred on OU Chillicothe premises, liability should not attach since the sole cause of the damage claimed was the negligent driving of Leah Logan. Defendant stated "[p]hotos provided by the plaintiff display numerous severe scratches indicative of previous damage from multiple collisions with objects as well as rebar damage." Defendant observed that "[d]amage would have occurred to the front end of the vehicle, necessitating replacement of the bumper, whether rebar was involved or not, due to the fact that the height of parking blocks in the lot are around six and one-half inches high and the lower edge of the front-end of plaintiff's BMW is slightly less than five inches from the surface of the asphalt." Based on this observation, defendant suggested that Leah Logan failed to exercise ordinary care when parking plaintiff's automobile in a parking space that had a concrete block at the end of the space "around six and one-half inches" in height." Defendant seemingly denied that the parking block with protruding anchoring rebar constituted a known hazardous condition at the OU Chillicothe parking lot.

{¶ 6} Plaintiff filed a response insisting that the damage to her car was caused by defendant's negligence in maintaining an "improperly installed parking block." Plaintiff pointed out that defendant's assertion regarding the clearance height on the front end of her car is incorrect. Plaintiff stated that "[t]he actual measured clearance of the bumper to the ground is 8 inches." Additionally, plaintiff noted that "[t]his BMW has parked numerous times always clearing similar properly installed parking blocks." Plaintiff asserted that the scratches apparent on the front bumper of her car are irrelevant to a finding of negligence since the hazardous condition posed by the protruding rebar "did significant damage to the car." Plaintiff recorded that "[t]here was no prior damage to this bumper prior to this event except for minor scratches." Plaintiff submitted an actual repair bill for her automobile in the amount of $920.44. Based upon this information, the court shall amend plaintiff's damage claim to reflect actual expenses incurred, $920.44. Plaintiff contended that the driver of her car, Leah Logan, could not perceive the dangerous condition posed by the protruding rebar due to her

position in the car and the position of the concrete parking block. The trier of fact finds plaintiff's car was damaged by a protruding rebar from a parking block on defendant's premises.

**{¶ 7}** Plaintiff was present on defendant's premises for such purposes which would classify her under law as an invitee. *Scheibel v. Lipton* (1985), 156 Ohio St. 308, 46 O.O. 177, 102 N.E. 2d 453. Consequently, defendant was under a duty to exercise ordinary care for the safety of invitees such as plaintiff and to keep the premises in a reasonably safe condition for normal use. *Presley v. City of Norwood* (1973), 36 Ohio St. 2d 29, 65 O.O. 2d 129, 303 N.E. 2d 81. The duty to exercise ordinary care for the safety and protection of invitees such as plaintiff includes having the premises in a reasonably safe condition and warning of latent or concealed defects or perils which the possessor has or should have knowledge. *Durst v. VanGundy* (1982), 8 Ohio App. 3d 75, 455 N.E. 2d 1319; *Wells v. University Hospital* (1985), 85-01392-AD. As a result of plaintiff's status, defendant was also under a duty to exercise ordinary care in providing for plaintiff's safety and warning her of any condition on the premises known by defendant to be potentially dangerous. *Crabtree v. Shultz* (1977), 57 Ohio App. 2d 33, 11 O.O. 3d 31, 384 N.E. 2d 1294.

**{¶ 8}** Additionally, it has been previously held "the liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon." 38 American Jurisprudence, 757, Negligence, Section 97, as cited in *Debie v. Cochran Pharmacy Berwick, Inc.* (1967), 11 Ohio St. 2d 38, 40, 40 O.O. 2d 52, 227 N.E. 2d 603.

**{¶ 9}** "The knowledge of the condition removes the sting of unreasonableness from any danger that lies in it, and obviousness may be relied on to supply knowledge. Hence the obvious character of the condition is incompatible with negligence in maintaining it. If plaintiff happens to be hurt by the condition he [she] is barred from recovery by lack of defendant's negligence towards him [her], no matter how careful plaintiff himself [herself] may have been." 2 Harper and James, Law of Torts (1956), 1491, as cited in *Sidle v. Humphrey* (1968), 13 Ohio St. 2d 45, 48, 42 O.O. 2d 96, 233 N.E. 2d 589. "In short, if the condition or circumstances are such that the invitee has knowledge of the condition in advance, there is no negligence." *Debie*, at 11 Ohio St.

2d 38, 41, 40 O.O. 2d 52, 227 N.E. 2d 603, 606.

{¶ 10} In the instant case, it is not obvious or apparent plaintiff's driver had knowledge of the protruding anchor rebar and displaced parking block. Considering a driver's position in a vehicle, and the position of the protruding rebar on the ground, it is probable the rebar was never seen as the driver entered the parking lot. Therefore, the court finds that defendant had superior knowledge of the hazardous condition and failed to warn plaintiff's driver of the condition or remove it. See *21st Century Leasing, Inc. v. Ohio Dept. of Natural Resources* (1999), 98-08994-AD; *Gallagher v. Columbus State Community College*, Ct. of Cl. No. 2005-09588-AD, 2006-Ohio-367; *Meinking v. E. Fork State Park*, Ct. of Cl. No. 2005-10071-AD, 2006-Ohio-1015. Defendant's negligence was the sole proximate cause of plaintiff's damage.

{¶ 11} Defendant was charged with a duty to exercise reasonable care for the protection of plaintiff's property. In regard to the facts of this claim, negligence on the part of defendant has been shown. *Jackson v. The University of Akron* (2001), 2001-04026-AD; *Bihary v. Cleveland State Univ.*, Ct. of Cl. No. 2006-05063-AD, 2007-Ohio-655; *Goodburn v. Columbus State Community College*, Ct. of Cl. No. 2007-05555-AD, 2008-Ohio-1205. Consequently, under the facts established, defendant is liable to plaintiff for the loss claimed, $920.44, plus the $25.00 filing fee which may be awarded as costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JANE S. LOGAN

    Plaintiff

    v.

OHIO UNIVERSITY

Defendant

Case No. 2009-06788-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $945.44, which includes the filing fee. Court costs are assessed against defendant.

MILES C. DURFEY
Clerk

Entry cc:

Jane S. Logan
213 Yaples Orchard Drive
Chillicothe, Ohio  45601

George T. Wendt
Ohio University
160 Union Street
HDL Center 166H
Athens, Ohio  45701

RDK/laa
10/21
Filed 11/20/09
Sent to S.C. reporter 3/12/10