[Cite as *Gallagher v. Cleveland State Univ.*, 2012-Ohio-3219.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN GALLAGHER

Plaintiff

v.

CLEVELAND STATE UNIVERSITY

Defendant

Case No. 2011-12048-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}  On October 24, 2011, plaintiff, Kevin Gallagher, filed this complaint alleging he suffered property damage to his automobile on October 17, 2011, at approximately 10:45 a.m., while backing his 2004 Pontiac GTO into a vacant parking space located in parking lot "S2" on the campus of defendant, Cleveland State University (CSU).  Specifically, plaintiff maintained the rear bumper, brackets, side molding, and wheel rim on his car were damaged as a result of the rear tire dropping into a pothole near a sewer grate adjacent to the curbing at the end of a parking space in defendant's parking lot.  Plaintiff recalled that, "[w]hen backing up, I heard a loud bang, which I saw was the frame of my car hitting the ground.  I saw that concealed under leaves was a sinkhole of approx. 1.5 ft. in length and over 1 ft. in depth (as the pictures show) next to the drain."[1]  Plaintiff further recalled he carefully drove the car forward out of the hole, got out of the vehicle, and made a cursory inspection discovering damage to the automobile.

---

[1] Plaintiff submitted photographs depicting the sunken area of asphalt beside the concrete pad where the drain is located. The defect appears to be at least eighteen inches in length and several inches

{¶2}  Plaintiff has contended defendant should be responsible for the cost of repairing his car for the property damage suffered on October 17, 2011.  Plaintiff indicated he has filed a claim with his insurance company, State Farm Insurance, and that such claim is pending.  Consequently, plaintiff filed this complaint seeking to recover $500.00, his stated insurance coverage deductible for automotive damage repair.  Plaintiff's damage claim for repair expense is limited to his insurance deductible pursuant to the statutory directive found in R.C. 3345.40(B)(2).  The filing fee was paid.

{¶3}  Defendant denied liability based on the contention that plaintiff failed to prove the damage occurred on defendant's premises.  According to defendant, plaintiff never reported the incident to CSU's police department or to CSU's parking services personnel.  Defendant acknowledged locating a sewer grate in the S2 lot "with some damage to the exterior of the grate."  Nonetheless, defendant contended the defect was not as deep as plaintiff described.  Defendant included pictures showing an area next to the grate where gravel has been added since the date plaintiff's incident occurred.

{¶4}  From a review of the photographs, the damage depicted on plaintiff's car appears consistent with the vehicle's bumper and undercarriage dropping onto the concrete curbing after plaintiff's driver's side rear tire fell into the sinkhole next to the drainage grate.  In addition, the scraped areas on plaintiff's bumper and tailpipe correspond to the gouges in the curbing behind the grate which is depicted in the photographs supplied by defendant.  The trier of fact notes that plaintiff's photographs show scratches and body damage consistent with the description of events offered by plaintiff in the complaint.  In addition, the photographs supplied by defendant document a rather extensive rectangular area beside the concrete pad around the grate has been repaired and filled with gravel.

{¶5}  On January 30, 2012, plaintiff filed a response stating he notified CSU's parking services and police department of the incident after it happened.  Plaintiff submitted a copy of a CSU police report dated October 17, 2011, wherein the investigating officer met with plaintiff at the S2 lot and recorded that the sinkhole was "significant in size and could easily cause damage to another vehicle." Thus, based upon a review of all the evidence presented, the trier of fact finds plaintiff's car was damaged as the result of a pavement defect on defendant's premises.

---

deep, although part of the area is obscured by leaves.

{¶6}   Plaintiff was present on defendant's premises for such purposes which would classify him under law as an invitee. *Scheibel v. Lipton* (1985), 156 Ohio St. 308, 46 O.O. 177, 102 N.E. 2d 453.  Consequently, defendant was under a duty to exercise ordinary care for the safety of invitees such as plaintiff and to keep the premises in a reasonably safe condition for normal use. *Presley v. City of Norwood* (1973), 36 Ohio St. 2d 29, 65 O.O. 2d 129, 303 N.E. 2d 81.  The duty to exercise ordinary care for the safety and protection of invitees such as plaintiff includes having the premises in a reasonably safe condition and warning of latent or concealed defects or perils which the possessor has or should have knowledge. *Durst v. VanGundy* (1982), 8 Ohio App. 3d 75, 455 N.E. 2d 1319; *Wells v. University Hospital* (1985), 85-01392-AD.  As a result of plaintiff's status, defendant was also under a duty to exercise ordinary care in providing for plaintiff's safety and warning him of any condition on the premises known by defendant to be potentially dangerous. *Crabtree v. Shultz* (1977), 57 Ohio App. 2d 33, 11 O.O. 3d 31, 384 N.E. 2d 1294.

{¶7}   Additionally, it has been previously held "the liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon." 38 American Jurisprudence, 757, Negligence, Section 97, as cited in *Debie v. Cochran Pharmacy Berwick, Inc.* (1967), 11 Ohio St. 2d 38, 40, 40 O.O. 2d 52, 227 N.E. 2d 603.

{¶8}   "The knowledge of the condition removes the sting of unreasonableness from any  danger that lies in it, and obviousness may be relied on to supply knowledge. Hence the obvious character of the condition is incompatible with negligence in maintaining it.  If plaintiff happens to be hurt by the condition he is barred from recovery by lack of defendant's negligence towards him, no matter how careful plaintiff himself may have been." 2 Harper and James, Law of Torts (1956), 1491, as cited in *Sidle v. Humphrey* (1968), 13 Ohio St. 2d 45, 48, 42 O.O. 2d 96, 233 N.E. 2d 589.  "In short, if the condition or circumstances are such that the invitee has knowledge of the condition in advance, there is no negligence." *Debie*, at 11 Ohio St. 2d 38, 41, 40 O.O. 2d 52, 227 N.E. 2d 603, 606.

{¶9}   In the instant case, it is not obvious or apparent plaintiff had any knowledge of the pavement defect at the rear of the parking space.  Considering a

driver's position in a vehicle, and the position of the sinkhole on the ground partially covered with leaves, it is probable the hole was never seen as plaintiff backed in the parking space. Therefore, the court finds defendant had superior knowledge of the hazardous condition and failed to warn plaintiff of the condition or remove it. See *Meinking v. E. Fork State Park*, Ct. of Cl. No. 2005-10071-AD, 2006-Ohio-1015. Consequently, defendant is liable to plaintiff for the property loss claimed, $500.00, plus the $25.00 filing fee, which may be reimbursed as compensable damages pursuant to the holding in *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN GALLAGHER

    Plaintiff

    v.

CLEVELAND STATE UNIVERSITY

    Defendant

    Case No. 2011-12048-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $525.00, which includes the filing fee. Court costs are assessed against defendant.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kevin Gallagher
17207 Neff Road
Cleveland, Ohio 44119

Sonali B. Wilson
Cleveland State University
2121 Euclid Avenue
Administration Center Suite 327
Cleveland, Ohio 44115-2214

011
Filed 2/15/12

sent to S.C. Reporter 7/17/12