590

STATE, in re SIMMONS, Plaintiff, v. WIEBER et al, Defendants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19873.   Decided November 20, 1944.

MONTGOMERY, P. J., SHERICK, J., of the Fifth District, DOYLE, J., of the Ninth District sitting by designation.·

George J. McMonagle, Cleveland, for plaintiff.

Amicus Curiae; representing the Fraternal Order of Police of Ohio: Andrew J. Hagan.

Thomas J. Burke, Cleveland, Law Director, James Mc-Sweeney, Asst. Law Director, Cleveland, for defendants.

Harry Gillis, Cleveland, representing an unincorporated society of members of the Cleveland Police Department, Amicus Curiae.

OPINION

BY THE COURT.

It is agreed and so stated in open court that the sole question before this court is the consideration of the respondents demurrer to the relators petition which seeks the issuance of

a writ of mandamus directing that his name be reinstated on the pension roll of the Police Department of the City of Cleveland, and for such back pension payments that have been withheld from him during the period of removal of his name from the pension rolls. We are requested by counsel that if the demurrer be sustained, that the petition be dismissed and final judgment be entered in defendant's favor; and that if the demurrer be overruled that the writ shall issue as prayed for.

As we view the attached pleading we find it unnecessary to consider whether or not, under the statutes, ordinances and rules of the Board the relator was legally entitled to credit for United States Military Service rendered prior to his service in the Cleveland Police Department. We therefore do not pass upon the question.

The petition avers that the defendant Board in its regular meeting of March 30, 1942, passed upon relator's application for retirement and pension, wherein it was adjudged that Simmons had served 23 years, 1 month "and the additional 23 months service credit allowance" in the United States military service. This netted a total period of service of 25 years required for retirement and pension. The Board acted in accordance therewith, retired the relator and placed his name on the pension roll and proceeded thereafter for 18 months to pay him the pension allowable.

Thereafter, on August 30, 1943, the Board summarily removed his name from the pension roll because "they believe him to be illegally receiving a pension." The result of the Board's subsequent action and decision not only withholds the pension, but having been made one year after the date of retirement, leaves the relator with no right of reinstatement or right of appeal from the adverse order. It is apparent that the two inconsistent orders have deprived the relator of the privilege of having completed 25 years of actual service in the Police Department. His 23 years of actual service now stands for naught as it concerns pension rights.

Four propositions are not subject to question. First, When the Board acted in the first instance it construed its rules and legal authority under which it functioned; Second, when it did so it acted in a quasi-judicial capacity with full authority to so act; Third, its order made therein was final, not subject to review, in the absence of want of authority to act, or fraud in procuring the pension; Fourth, its judgment in the matter established vested rights in the relator which might thereafter not be arbitrarily disturbed.

These matters being true, the Board was without power or authority to modify or rather nullify its prior action which caused relator to relinquish valuable rights and to accept a less advantageous position, from which he is now unable to extricate himself, except in the manner sought in this proceeding.

It is our judgment that respondents ought to be and are now estopped from summarily otherwise interpreting the rules under which it operates. We think the petition exhibits a clear right to the relief sought. It follows that the writ may issue as prayed for and agreed.

MONTGOMERY, DOYLE and SHERICK, JJ., concurring.