JOURNAL ENTRY and OPINION
This is an appeal from an order of Judge Eileen A. Gallagher that granted summary judgment to appellees Chander, Inc. and its restaurant Tonight Tonight on the personal injury and consortium claims of appellants Karen and Paul Gerber arising out of Mrs. Gerber's fall on black ice. The Gerbers claim the restaurant had a duty to warn of or remove this non-apparent hazard in its parking lot because it was both possible and practical to guard against this danger. Additionally, they submit that because of the many significant and unique circumstances involving the hazard encountered by Mrs. Gerber, summary judgment was not warranted. We disagree and affirm.
Unless otherwise indicated, the record discloses the following undisputed facts. On December 21, 1995, at approximately 8:00 p.m., Dennis McCreery, Mrs. Gerber's brother-in-law, drove the Gerbers and Mrs. Gerber's sister to a restaurant called Tonight Tonight in North Royalton, Ohio, owned and operated by Chander, Inc. The weather during the day was clear and cold, with temperatures ranging from a low of 15 degrees to a high of 25 degrees Fahrenheit, and the roadways were clear. The temperature at the time they arrived reached about 20 degrees Fahrenheit, and both Mr. and Mrs. Gerber noticed the plowed snow piled around the perimeter of (what she described as) the clean asphalt parking lot. McCreery pulled his Ford Explorer to the restaurant entrance, which sloped away from the restaurant toward the adjacent parking lot.
As Mrs. Gerber exited the rear passenger door, she noticed that there was no salt on that portion of the drive/parking lot, held onto the vehicle while she made her way around the back, and watched where she was walking.[1] She recalled a light behind her but could not remember one near the restaurant entrance. She called to her husband and requested he meet her at the corner of the vehicle in case the walk became slippery. She was almost to the driver's side when both her feet went out in front of her, and she fell just outside of Mr. Gerber's reach. Mrs. Gerber experienced burning pain from her right shoulder through her arm to her right hand. When Mr. Gerber went to her, his feet began to slide and, with the aid of an approaching vehicle's headlights, he noticed a problem with black ice.
When they entered the restaurant, they told the maitre d' that Mrs. Gerber had fallen and something should be done; when the couples left, at about 9:30 or 10:00 p.m., they noticed that the ice, the driveway, and the parking lot had been covered with salt. Mrs. Gerber eventually sought medical treatment and was later diagnosed with a shoulder separation and torn rotator cuff.
The Gerbers file a complaint against the restaurant owner on November 21, 1997 and dismissed it under Civ.R. 41(A)(1) on June 8, 1998. It was refiled on May 26, 1999 and, at the conclusion of the discovery deadline on November 22, 1999, Chander, Inc. filed its motion for summary judgment, which was granted on January 25, 2000.
In their single assignment of error, the Gerbers argue that it was error to grant the motion for summary judgment because, as a matter of law, the restaurant had a duty to remove the black ice near the entrance or warn of the presence of the hazard when the presence of ice is not obvious to a patron and it is both possible and practical for the restaurant to guard against the danger. Moreover, they argue, there are questions of fact regarding whether the Gerbers knew the parking lot was slippery; whether the restaurant should have known about the ice, given the temperature that day; whether the Gerbers' alleged knowledge equaled or exceeded that of the restaurant; and whether the ice was a natural accumulation. Chander, Inc. counters that the Gerbers essentially proved that Mrs. Gerber slipped on a natural accumulation of ice and offered nothing to prove otherwise.
This court reviews the grant of summary judgment de novo, without deference to the ruling of the trial judge, and applies the standard set forth in Civ.R. 56(C). Druso v. Bank One of Columbus (1997),124 Ohio App.3d 125, 131; Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. A judge may grant a motion for summary judgment pursuant to Civ.R. 56(C) when the following elements are satisfied:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 369 N.E.2d 267,274; accord Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367,369-370, 696 N.E.2d 201.
A premises owner ordinarily owes a duty of ordinary care in maintaining his property in a reasonably safe condition. E.g., Paschal v. Rite Aid Pharmacy, Inc. (1985), 19 Ohio St.3d 203, 480 N.E.2d 474. This court recently outlined the duty owed to a business invitee with regard to ice and snow:
 Generally, a premises owner owes no duty to business invitees to remove natural accumulations of ice and snow from the private sidewalks on the premises or to warn the invitee of the dangers associated with such natural accumulation of ice and snow. Brinkman v. Ross (1993), 68 Ohio St.3d 82, 83, 623 N.E.2d 1175; McCornell v. Bridges (1997), 124 Ohio App.3d 610, 612, 707 N.E.2d 8. An owner's/occupier's failure to remove ice and snow only constitutes negligence when the owner/occupier knows or should know a condition exists which is substantially more dangerous than can be anticipated by the invitee.
 Mikula v. Slavin Tailors (1970), 24 Ohio St.2d 48, 263 N.E.2d 316, paragraph five of the syllabus; Debie v. Cochran Pharmacy-Berwick, Inc. (1967) 11 Ohio St.2d 38, 227 N.E.2d 603, paragraph one of the syllabus. "Everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and snow. Brinkman, supra at 84.
 There is no liability unless the owner or occupier has superior knowledge of a particular danger which caused the injury. La Course v. Fleitz (1986), 28 Ohio St.3d 209, 210, 503 N.E.2d 159. [Krause v. Fred W. Albrecht Grocery Co. (July 1, 1999), Cuyahoga App. No. 74468, unreported.]
It is settled that Mrs. Gerber fell on ice in that area of the parking lot near the restaurant entrance. A careful review of the record before us reveals that the Gerbers presented nothing to show that the accumulation of ice was unnatural. Valentino v. Denny's Restaurant(June 6, 1996), Cuyahoga App. No. 70087, unreported. An unnatural condition refers to a cause or factor other than inclement weather, i.e., low temperatures, strong winds and drifting snow. Burton v. CFA Med. Bldg. 
Garage (June 17, 1999), Cuyahoga App. No. 74335, unreported, citing Porter v. Miller (1983), 13 Ohio App.3d 93, 95, 68 N.E.2d 134. Unnatural is manmade or man-caused. Id. Because the Gerbers did not produce evidence to show that the accumulation of ice was unnatural, they failed to present a genuine issue of material fact regarding the restaurant's duty of care.
The Gerbers had contended that, even if the black ice was a natural phenomenon, the restaurant's snow removal efforts had the effect of creating a false expectation of safety in the mind of the Plaintiffs. Again, we find no support in the record for this assertion.
Where the owner or occupier of business premises is not shown to have notice, actual or implied, that the natural accumulation of snow and ice on his premises has created there a condition substantially more dangerous to his business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area, there is a failure of proof of actionable negligence. Debie v. Cochran Pharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, 227 N.E.2d 603, paragraph one of the syllabus. Moreover, the mere fact that an owner or occupier failed to remove natural accumulations of snow and ice from private walks on his business premises for an unreasonable time does not give rise to an action by a business invitee who claims damages for injuries suffered in a fall. Id. at paragraph two of the syllabus.
The record here shows that Mrs. Gerber was aware of the below freezing temperatures and that she anticipated that the pavement might be slippery. There is nothing in the record to show, however, that the condition she encountered was substantially more dangerous than she anticipated. Krause, supra; Valentino, supra.
The Gerbers failed to demonstrate that a genuine issue of material fact exists over whether Chander, Inc. breached its duty of ordinary care in maintaining the premises in a reasonably safe condition. Moreover, the Gerbers offered no legal support for their theory that the availability of salt and after-the-fact salting of the entrance and parking area somehow altered its liability. Valentino, supra. Therefore, it was not error to grant summary judgment in favor of Chander, Inc.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. CONCUR; JAMES D. SWEENEY, P.J. CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.
[1] Mrs. Gerber has only partial peripheral vision in her left eye.