OPINION
{¶ 1} Robert V. Bacon ("appellant") appeals from the judgment entry of the Geauga County Court of Common Pleas granting summary judgment in favor of appellees, Fowlers Mill Inn Tavern ("Fowlers") and Robert R. Wantz. We affirm.
 {¶ 2} On December 15, 2004, appellant drove to Fowlers to attend a party for the Geauga County Democratic Party. He arrived after the sun had set, at *Page 2 
approximately 7:00 p.m. The weather was cold and appellant immediately noticed that Fowlers' parking lot was covered in a slick veneer of ice. Appellant placed his vehicle in four-wheel drive and proceeded to park in a vacant spot across from the main entrance; however, Fowlers' manager stopped appellant before he parked. The manager indicated he did not want anyone to park in this area because it was on a hill and "[h]e was afraid that people would slide into other people." The manager directed appellant to park his vehicle at the top of the parking lot and appellant complied.
 {¶ 3} After exiting his vehicle, he "walked around [to] the back of the truck and said, `Oh, man it's slippery.'" (Sic.) He then noticed a fence abutting the parking lot. Appellant approached the fence, intending to use the rail to steady himself. However, after he began his hike, he concluded the snow was too thick (due to plowing and wind). He testified that, due to his difficulty in walking through the snow he would "try * * * and shuffle along the ice." Appellant took one or two steps, then fell. As a result of the fall, appellant sustained injuries to his arm requiring medical treatment.
 {¶ 4} On September 16, 2005, appellant filed a complaint sounding in negligence. Appellant specifically asserted appellees owed him a duty of care to remove unnatural accumulations of ice in the parking lot and, as a result of their failure to do so, appellant slipped, fell, and sustained injuries and damages. Appellees Fowlers and Wantz filed separate answers. On September 26, 2006, appellee Wantz filed his motion for summary judgment and, on September 29, 2006, appellee Fowlers filed its motion for summary judgment. Appellant duly filed his motions in opposition to appellees' motions for summary judgment. On December 29, 2006, the trial court *Page 3 
granted appellees' motions for summary judgment. On January 11, 2007, appellant filed a timely notice of appeal with this court.
 {¶ 5} Appellant's brief sets forth five assignments of error for our consideration. Because each of appellant's first three assigned errors addresses the propriety of the trial court's decision to grant appellees' motion for summary judgment, we shall consider the various issues raised collectively. These assigned errors read:
 {¶ 6} "[1.] The trial court did not properly grant appellees' motion for summary judgment.
 {¶ 7} "[2.] The trial court improperly granted summary judgment on issues of damages, that are properly a question of fact for a jury to decide.
 {¶ 8} "[3.] The trial court did not consider case law that supports appellant's contention that there are exceptions to the open and obvious doctrine."
 {¶ 9} We review a trial court's decision to grant summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is appropriate under Civ.R. 56(C) when (1) there is no genuine issue of material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence in favor of the nonmoving party, that conclusion favors the moving party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} The moving party bears the initial burden of providing the trial court a basis for the motion and is required to identify portions of the record demonstrating the absence of genuine issues of material fact pertaining to the non-moving party's claim. *Page 4 Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The burden then shifts to the non-moving party to set forth specific facts that would establish a genuine issue for trial. Id. However, the non-moving party may not rest on conclusory allegations or denials contained in the pleadings; rather, he or she must submit evidentiary material sufficient to create a genuine dispute over material facts at issue. Id.
 {¶ 11} To determine whether a genuine issue exists, a reviewing court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must necessarily prevail as a matter of law. Spatar v. Avon OaksBallroom, 11th Dist. No. 2001-T-0059, 2002-Ohio-2443, at ¶ 16, citingTurner v. Turner, 67 Ohio St.3d 337, 340, 1993-Ohio-176. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248.
 {¶ 12} In his complaint, appellant alleged appellees were negligent in failing to remove or warn him of an unnatural accumulation of ice and snow causing him to slip, fall, and incur injury as a result.
 {¶ 13} To establish a cause of action for negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677, 680, 1998-Ohio-602. In other words, to overcome a properly supported motion for summary judgment in a negligence action, a plaintiff must first establish a duty owed him by a defendant. If the plaintiff meets his burden, he must then present evidence *Page 5 
from which reasonable minds could conclude that the defendant breached the duty and the breach caused his injuries. See, e.g., Porter v.Miller (1983), 13 Ohio App.3d 93, 96, citing Keister v. Park CetreLanes (1981), 3 Ohio App.3d 19.
 {¶ 14} In the instant matter, appellant was an invitee on appellees' premises. A business owner owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that invitees are not subjected to unreasonable dangers. Mealy v.Sudheendra, 11th Dist. No. 2003-T-0065, 2004-Ohio-3505, at ¶ 29. A business owner is under no duty to protect business invitees from dangers "which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v. Humphrey (1968),13 Ohio St.2d 45, at paragraph one of the syllabus; see, also, Bond v. Mathias (Mar. 17, 1995), 11th Dist. No. 94-T-5082, 1995 Ohio App. LEXIS 979, *7.
 {¶ 15} The Supreme Court of Ohio has consistently held that a business owner's duty of reasonable care does not extend to natural accumulations of ice and snow. Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, 41; see, also, Sidle, supra; Brinkman v. Ross,68 Ohio St.3d 82, 83, 1993-Ohio-72 Where snow and ice accumulate from natural meteorological occurrences, an owner or occupier has a right to assume an invitee will appreciate the risk presented and take action to protect himself. See Brinkman, supra; see, also LaCourse v. Fleitz (1986),28 Ohio St.3d 209, 210.
 {¶ 16} Ohio courts have acknowledged exceptions to this general rule. For instance, where a business owner is actively negligent in permitting or creating an *Page 6 
unnatural accumulation of ice and snow, the no-duty rule is not applicable. See Lopatkovich v. Tiffin, 28 Ohio St.3d 204, 207; see, also, Sasse v. Mahle (Nov. 19, 1999), 11th Dist. No. 98-L-157, 1999 Ohio App. LEXIS 5508. Further, if a business owner has actual notice that a natural accumulation of ice or snow on his property has created a condition substantially more dangerous than a business invitee should have expected by reason of knowledge of conditions prevailing in the area, the owner owes the invitee a duty of care to warn of potential perils. Debie, supra. Here, appellant argues one of the two exceptions to the no-duty rule applies to the facts before this court thereby precluding summary judgment in appellees' favor. We shall address each issue in turn.
 {¶ 17} With respect to the first exception, a business invitee is required to provide evidence that the ice which caused his slip and fall was unnatural in order to establish a business owner breached a duty of care. See Lopatkovich, supra; see, also, Valentino v. Denny'sRestaurant (June 6, 1996), 8th Dist. No. 70087, 1996 Ohio App. LEXIS 2344, *4. The build-up of snow and ice during winter is a natural phenomenon, i.e., "extremely severe snow storms or bitterly cold temperatures do not constitute `unnatural' phenomena." Porter, supra, at 95. Under the law, therefore, an "unnatural accumulation" must be the result of human activity. See, generally, Id.
 {¶ 18} In the instant matter, appellant testified his slip and fall occurred during a cold winter evening in December. He was aware of the icy pavement and, during his deposition, indicated he appreciated the danger of treading upon it to gain entry into the restaurant. Nothing in the record suggests that the ice had accumulated unnaturally. *Page 7 
 {¶ 19} We are mindful that appellees, at some point prior to appellant's slip and fall, had plowed the parking lot to remove the snow from its surface. However, we do not believe this action rendered the ice on the parking lot an "unnatural" condition. The evidence indicates appellees' removal of the snow either exposed preexisting ice situated beneath the snow or permitted ice to accumulate due to the lack of snow cover. If the ice was a result of the former, it was a de facto natural accumulation; if it was the result of the latter, appellant failed to put forth any evidence linking the ice accumulation to the melting of plowed snow. As a result, we hold the trial court did not err in concluding that the condition of the parking lot was the result of a natural accumulation of ice. Because the slip and fall was occasioned by the natural accumulation of ice, appellant failed to establish appellees breached a duty of care. Cf. Bertka v. Wigest Corp. (Mar. 15, 1996), 6th Dist. No. L-95-211, 1996 Ohio App. LEXIS 1124, *9 (holding ice on a plowed parking lot was a "natural accumulation resulting from the forces of nature during the winter.")
 {¶ 20} Next, appellant argues that the parking lot was substantially more dangerous than he could have anticipated due to appellees' failure to scatter salt over the ice. During his deposition, appellant testified he recognized the icy condition of the parking lot "as soon as [he] drove in." He further testified that after parking and exiting his vehicle, he remarked "`Oh, man it's slippery.'" (Sic.) Moreover, during his deposition, appellant testified the manager of Fowlers asked him not to park in his originally chosen parking place because the manager "was afraid that people would slide into other people." Notwithstanding these factors, appellant still voluntarily attempted to negotiate the parking lot. *Page 8 
 {¶ 21} Appellant's testimony that he was aware of the ice and appreciated its particular slickness belies the conclusion that the condition he encountered was substantially more dangerous than he should have anticipated. See Sidle, supra; see, also Debie, supra, (pointing out that "[t]he mere fact standing alone that the owner or occupier has failed to remove natural accumulations of snow and ice from private walks on his business premises * * * does not give rise to an action by a business invitee who claims damages for injuries occasioned by the fall thereon." Id. at paragraph two of the syllabus); Lopatkovich, supra;Bowins v. Euclid General Hosp. (1984), 20 Ohio App.3d 29 (holding if premises owner and invitee are equally aware of dangerous condition, and the invitee voluntarily exposes herself to it, the owner will not be liable). There is no genuine issue of material fact as to whether the icy parking lot was substantially more dangerous than he should have expected. We therefore hold appellees were entitled to summary judgment as a matter of law on this issue.
 {¶ 22} We shall next address appellant's assertion that the trial court erred when it based its determination upon the conclusion that the icy parking lot was open and obvious.
 {¶ 23} The duty of reasonable care a business owner generally owes its invites ceases to exist where dangers are so obvious than an invitee may be reasonably expected to discover them and protect himself against them. Armstrong v. Best Buy Co. Inc., 99 Ohio St.3d 79, 80,2003-Ohio-2573. The open and obvious doctrine abrogates any duty to warn and acts as a total bar to recovery in negligence actions. Hudspath v.The Cafaro Co., 11th Dist. No. 2004-A-0073, 2005-Ohio-6911, at ¶ 18. *Page 9 
 {¶ 24} As discussed previously, appellant had knowledge of the ice upon entry into the parking lot. He also expressed an appreciation of the dangers of walking on the icy pavement. The hazard at issue was, as a matter of law, open and obvious.
 {¶ 25} We additionally point out that, although appellant was not entitled to a warning, the restaurant manager's parking interdiction and subsequent justification could be reasonably construed as a caveat about the dangerous character of the icy pavement. Hence, even if the hazard was not open and obvious, appellant was warned of the likely perils of negotiating the lot and thereby assumed any risk of injury.
 {¶ 26} Appellant's first, second, and third assignments of error are accordingly overruled.
 {¶ 27} Appellant's fourth assignment of error states
 {¶ 28} "The trial court improperly relied on appellees' contention that expert testimony was necessary to prove the underlying case."
 {¶ 29} In its December 19, 2006 judgment entry, the trial court did not expressly rely upon the legal principle challenged by appellant. The trial court determined the ice on the parking lot naturally accumulated as a result of a "routine freeze-thaw-refreeze cycle." The court observed appellant was aware of the dangerous condition and, as such, it was not a latent danger of which appellees had superior knowledge. The court held the ice accumulation was an open and obvious hazard over which appellant attempted to traverse but unfortunately failed. As the trial court makes no specific mention of the qualitative necessity of expert testimony, a ruling on this issue would be strictly pedagogical and therefore prohibitively advisory. See, e.g., Gladon v. Greater *Page 10 Cleveland Regional Transit Auth., 75 Ohio St.3d 312, 1996-Ohio-137. (noting that a court will not indulge in advisory opinions.)
 {¶ 30} Appellant's fourth assignment of error is overruled.
 {¶ 31} Appellant's fifth assignment of error asserts:
 {¶ 32} "The trial court erred in granting summary judgment on appellant's claim of punitive damages."
 {¶ 33} In order to have damages in a tort action, a party must establish the elements of their cause of action by a preponderance of the evidence. Here, as discussed above, appellant failed to meet his burden and, as a result, we hold the trial court properly granted appellees' motion for summary judgment. Because the record does not support appellant's underlying negligence claim, he is not entitled to damages, whether general or punitive, as a matter of law.
 {¶ 34} That said, even had appellant put forth adequate evidence to overcome summary judgment, we still believe his punitive damage claim would fail. Under Ohio law, punitive damages may be awarded in a tort case where the plaintiff demonstrates actual malice, fraud, oppression, or insult on the part of the defendant. Schmidt v. Derenia,158 Ohio App.3d 738, 744, 2004-Ohio-5431, at ¶ 10. In order to meet this burden, [s]omething more than mere negligence is always required." Preston v.Murty (1987), 32 Ohio St.3d 334, 335.[1]
 {¶ 35} Here, appellant asserts appellees are liable for punitive damages because the restaurant manager and/or owner, through their acts or omissions, maliciously *Page 11 
forced appellant to park in a dangerous location. Appellant's own deposition testimony undermines any assertion of malice. In fact, according to appellant, the manager was attempting to avoid "people sliding into other people." By appellant's admission, the manager's actions, therefore, were a result of his concern for appellant's and other's safety, not a conscious, malevolent disregard for appellant's rights and safety.
 {¶ 36} Appellant's fifth assignment of error is therefore without merit.
 {¶ 37} For the reasons set forth above, appellant's five assignments of error are overruled. The judgment of the Geauga County Court of Common Pleas is accordingly affirmed.
[1] Although something more than negligence is required to prove entitlement to punitive damages, the law does not per se preclude punitive damages in all negligence actions. See, e.g., Burns v.Prudential Securites, Inc., 167 Ohio App.3d 809, 2006-Ohio-3550, at ¶ 101. Rather, the key to recovering punitive damages is merely a finding of actual malice over and above the proof of negligence. Id.
TIMOTHY P. CANNON, J., concurs, MARY JANE TRAPP, J., concurs in judgment only with Concurring Opinion.