OPINION
{¶ 1} Plaintiff, Jacqueline Simpson, appeals from summary judgments for Defendant, Concord United Methodist Church ("Concord") and Third-Party Defendant RB Services LLC ("RB Services"), on Ms. Simpson's claim for relief alleging personal injuries proximately caused by her slip-and-fall on snow and ice.
 {¶ 2} The trial court sustained Concord's Civ.R. 56(C) motion on a finding that Concord could not be liable for Ms. Simpson's injuries because, the hazardous condition from which the risk of those injuries arose being a condition which was open and obvious, Concord owed no duty to Ms. Simpson that it had breached by failing to warn her of the hazard or eliminate the risk of the injury she suffered. We agree, and will affirm the judgment of the trial court.
 {¶ 3} The underlying claim for relief accrued on January 19, 2000, when Ms. Simpson delivered her four-year-old son, Cameron, to a preschool facility that Concord maintains on its premises in Englewood. Snow had fallen and, pursuant to its agreement with Concord, RB Services had plowed Concord's parking lot and sidewalks. Some of the snow melted, followed by low temperatures that caused the run-off to freeze again, forming patches of ice.
 {¶ 4} After parking her van in Concord's lot, and because she was aware that the lot was slippery, Ms. Simpson carried Cameron into the church building. Making her way back to her vehicle, she followed a different path across the parking lot. Though she took care, when Ms. Simpson stepped onto a patch of black ice that she failed to see she slipped and fell to the ground, suffering head injuries.
 {¶ 5} Ms. Simpson commenced an action against Concord on her claim for relief for personal injuries. Concord joined RB Services as a third-party defendant on a claim for contribution/indemnity. Upon their motions, the trial court granted summary judgment for both Concord and RB Services, holding that the open and obvious nature of the hazardous condition from which Ms. Simpson's injuries proximately resulted precludes any liability in those defendants. Plaintiff Simpson appeals. Concord has cross-appealed, arguing that RB Services remains liable to Concord if Concord is liable to Ms. Simpson.
 FIRST ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ERRED IN DETERMINING THAT THE OPEN AND OBVIOUS DOCTRINE APPLIED TO PRECLUDE APPELLANT'S CLAIM FOR INJURY RESULTING FROM HER SLIP AND FALL ON BLACK ICE."
 SECOND ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED IN DETERMINING THAT CONCORD HAD NO DUTY TO PROTECT APPELLANT FROM THE BLACK ICE ON ITS WALKING SURFACES UPON WHICH SHE SLIPPED AND FELL."
 {¶ 8} These assignments of error present issues which are intertwined, and we will consider them together.
 {¶ 9} For the broader context in which the issues presented must be considered, we refer to the Reverend William Bradford, who wrote:
 {¶ 10} "And for the season it was winter, and they that know the winters of that country know them to be sharp and violent, and subject to cruel and fierce storms, dangerous to travel to known places, much more to search an unknown coast . . . For summer being done, all things stand upon them with a weather-beaten face, and the whole country, full of woods and thickets, represented a wild and savage hue." "Of Plymouth Plantation" [1620-1647], Chapter 7.
 {¶ 11} The more specific legal issues which this appeal presents are framed by the common law doctrine of premises liability. "At common law, the possessor of land owes a duty of ordinary care to his invitees, who are persons whom he invites onto his land for some purpose beneficial to him. To them he owes a duty to keep his premises in a reasonably safe condition and to give warnings of latent or hidden perils of which he has, or should have, knowledge." Newton v. Pennsylvania Iron Coal,Inc. (1993), 85 Ohio App.3d 353, 355.
 {¶ 12} The purpose of the common law rule, now generally called the "business invitee" rule, is to protect the possessor's invitees from unnecessary and unreasonable exposure to risks of injury. Campbell v.Hughes Provision Co. (1950), 153 Ohio St. 9. The particular duty of care the rule imposes on the owners and operators of business premises is predicated on two considerations.
 {¶ 13} First, compared to an invitee, an owner/operator has a superior opportunity to know of the hazardous condition and correct it, or at least to warn his invitees of its existence. Anaple v. Standard Oil Co.
(1955), 162 Ohio St. 537.
 {¶ 14} Second, because the owner/operator's profit is the object of his invitation, it is reasonable to impose the cost of these safeguards and any failure to comply with them on the owner/operator instead of on his injured invitee.
 {¶ 15} It is undisputed that the business invitee rule applies to Ms. Simpson's claim for relief. She paid a fee for her son's attendance at Concord's daycare facility. What is disputed is whether the injuries Ms. Simpson suffered are chargeable to Concord and/or RB Services, resulting in their potential liability to her. Two principal cases determine that question.
 {¶ 16} In Sidle v. Humphrey (1968), 13 Ohio St.2d 45, the Supreme Court held:
 {¶ 17} "1. An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.
 {¶ 18} "2. The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them. (Debie v. Cochran Pharmacy-Berwick, Inc., 11 Ohio St.2d 38, 227 N.E.2d 603, approved and followed.)
 {¶ 19} "3. Ordinarily, an owner and occupier has no duty to his business invitee to remove natural accumulations of snow and ice from private walks and steps on his premises. (Paragraph two of the syllabus in Debie v. Cochran Pharmacy-Berwick, Inc., 11 Ohio St.2d 38, 227 N.E.2d 603, approved and followed.)" Id., Syllabus by the Court.
 {¶ 20} Some years later, in Armstrong v. Best Buy, Inc.,99 Ohio St.3d 79, 2003-Ohio-2578, the Supreme Court held:
 {¶ 21} "The open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises. Sidle v. Humphrey (1968),13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, approved and followed."Id., Syllabus of the Court.
 {¶ 22} Armstrong was not a snow-and-ice case. The plaintiff had instead tripped over the bracket of a shopping cart guardrail installed on the floor of a store. With respect to the open and obvious character of that hazardous condition, the court explained that the test relates not to the issue of proximate cause, which is generally a question of fact, but to the existence of a duty. "By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Id., at p. 82.
 {¶ 23} Whether the existence of a hazard imposes a duty of care on a property owner depends on the condition from which it arose. If the condition was one known to the invitee or of which he reasonably should have known, that is, one which is open and obvious, and the hazard is one commonly associated with the condition, a particular risk of injury the hazard presents is reasonably foreseeable. Then, the owner or operator of the premises owes no duty to his invitees to cure the hazard or warn his invitees of its risks because, being charged with knowledge that the hazard exists, they may take steps to protect themselves from such risks. However, where the condition is instead latent or concealed, the hazards associated with it cannot be known. The risk of injury the hazard presents is then not foreseeable, and, not being foreseeable, the invitee is assumed to be unable to protect himself from the risks involved. In that circumstance, the law imposes a duty on the owner/operator to cure the hazard or warn of its existence when he created the condition or reasonably should have discovered it. Detrick v. Columbia Sussex Corp.
(1993), 90 Ohio App.3d 475.
 {¶ 24} These distinctions are highlighted in the context of the hazards presented by natural accumulations of snow and ice by Mikula v.Salvin Tailors (1970), 24 Ohio St.2d 48. Snow and ice had concealed a pot hole in defendant's parking lot into which the plaintiff stepped, causing her fall and resulting injuries. Because the pot hole was a concealed condition, the plaintiff could not have been aware of the hazard it presented and have protected herself from the risk of the injury that occurred. Further, because the risk of injury was one substantially more dangerous than risks presented by the hazards commonly associated with the natural accumulations of snow and ice, the owner/operator was not relieved of the duty he owed the invitee with respect to the risk of the injury that occurred.
 {¶ 25} Unlike the issue of the proximate cause of an injury, which presents an issue of fact for the jury to determine, foreseeability of harm and the existence of a duty of which foreseeability is an element presents an issue of law for the court to decide. Mussivand v. David
(1989), 45 Ohio St.3d 314. When no genuine issue of material fact exists which shows that a duty exists which was breached, the defendant is entitled to summary judgment on its motion. Civ.R. 56(C).
 {¶ 26} It is undisputed that Ms. Simpson was aware of the accumulation of snow and ice on Concord's parking lot and the hazards that condition presented. She testified that she was being very careful of them in order to avoid a risk of injury from falling. The condition was clearly open and obvious and the hazard it presented which caused her fall is one commonly associated with the condition, and Ms. Simpson was aware of the hazard. The risk of injury she suffered was reasonably foreseeable. Therefore, per Armstrong, Concord owed no duty to Ms. Simpson with respect to the hazard and its risks that Concord breached, and cannot be held liable for her injuries.
 {¶ 27} Ms. Simpson argues that an exception to Armstrong exists in this case because (1) black ice is very difficult to see, (2) the slope of the driveway made it more hazardous to negotiate than one which is flat, and (3) the plowing that RB Services performed increased the risk of unnatural run-off and refreezing. However, as subsidiary conditions which commonly occur along with natural accumulation of snow and ice, invitees are likewise charged with knowledge of the hazards those conditions involve and the risks of injury they present. CommunityInsurance Co. V. McDonald's Restaurants of Ohio, Inc. (Dec. 11, 1998), Montgomery App. Nos. 17051, 17053. Unlike the concealed pot hole inMikula, reasonable minds could not find that Concord was in any better position to know of these conditions, imposing a duty on Concord to cure them or warn of their existence. Further, as conditions commonly associated with accumulations of snow and ice, they present no risk of injury substantially more dangerous that the risk presented by snow and ice. Hoenigman v. McDonald's Corp (Jan. 11, 1990), Cuyahoga App. No. 56010.
 {¶ 28} Plaintiff also relies on Mizenis v. Sands Motel, Inc. (1975),50 Ohio App.2d 226. In that case, a guest at a motel slipped and fell on snow and ice that covered an exterior stairway that was his only route to and from his room. The condition had existed for three days, and the guest immediately phoned the motel desk when he went to his room to complain of the condition and ask that it be remedied. On his fifth trip across the stairs the guest slipped and fell. The appellate court held that the rule of Sidle v. Humphrey and Debie v. Cochran PharmacyBerwick, Inc. Did not apply because the motel owner had actual knowledge of the dangerous condition. Further, because the stairway was the guest's only method of ingress and egress, the motel owner could not reasonably expect that the guest could protect himself against the risk of injury.Sidle v. Humphrey.
 {¶ 29} There is no evidence that Concord had actual knowledge of the patch of black ice on which Ms. Simpson slipped and fell, or that the route she had to take necessarily required her to step across it. Therefore, the holding in Mizenis, which was driven by circumstances of that kind, does not apply to vary the role of Sidle v. Humphrey and the other cases which follow it that determine Concord's liability on Ms. Simpson's claim for relief.
 {¶ 30} Were we asked to determine whether the conditions she identifies proximately caused Ms. Simpson to slip-and-fall, we would find a triable issue for the jury to determine. However, the existence of a duty is a preliminary question for the court to determine before the jury may weigh any question concerning its breach and injuries proximately resulting from the breach. The trial court found that, because the hazards presented by accumulations of snow and ice were open and obvious, Concord owes no duty to Ms. Simpson that it breached. That view is consistent with the Rev. Bradford's observation four centuries ago that "they that know the winters of that country know them to be sharp and violent, subject to cruel and fierce storms, dangerous to travel to known places . . ." Such dangers continue in today's world, and in this context relieved Concord of the duty to Ms. Simpson which she claims Concord breached.
 {¶ 31} Plaintiff-Appellant's Simpson's assignments of error are overruled. Our holding renders moot the error assigned by Concord in its cross-appeal. Therefore, we need not decide them. App.R. 12(A)(1)(c). The judgment of the trial court will be affirmed.
Wolff, J. And Donovan, J., concur.