[Cite as *Workman v. W&W Dev. Corp.*, 2011-Ohio-2305.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| CHARLES E. WORKMAN | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-0138 |
| W.&W. DEVELOPMENT | : |  |
| CORPORATION | : |  |
|  | : | O P I N I O N |
| Defendant-Appellee |  |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Richland County Court
of Common Pleas, Case No. 09CV1768

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     April 25, 2011

APPEARANCES:

For Plaintiff-Appellant

D. KIM MURRAY
24 W. Third Street
Suite 206
Mansfield, OH  44902

For Defendant-Appellee

JOSEPH P. HOERIG
50 S. Main Street, Ste. 502
Akron, OH 44308

*Gwin, P.J.*

{¶1} Plaintiff-appellant Charles E. Workman appeals a summary judgment of the Court of Common Pleas of Richland County, Ohio, entered in favor of defendant-appellee W. & W. Development Corporation on appellant's complaint for personal injuries received on appellee's premises. Appellant assigns a single error to the trial court:

{¶2} "I. THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE ACTION IN THE TRIAL COURT WITH PREJUDICE."

{¶3} Appellant's statement pursuant to Loc. App. R. 9 asserts the summary judgment was inappropriate both as a matter of law on the undisputed facts, and also because a genuine dispute exists as to material facts. The material and disputed facts appellant alleges are: (1) whether the black ice appellant fell on was a natural or non-natural accumulation; and (2) whether the black ice was open and obvious.

{¶4} The trial court made extensive findings of fact which are not in dispute. W. & W. Development owns a self-service car wash in Mansfield, Ohio. The car wash is open 365 days per year and has three wand-style self-service bays in which the driver does his own car washing, as well as one automatic bay in which the driver can pull his car through without exiting the vehicle. The floor of the car wash is heated by a hot water tubing system imbedded in the concrete floor. The boiler that heats the water automatically turns on when the ambient temperature drops below 36 degrees. When the weather is cold enough for the boiler to be in operation, it is run by an automated system that shuts it off automatically at 9:00 p.m. and turns it back on at 6:00 a.m. every

day. During the winter months the car wash and its boiler system are checked daily by Mr. Cook, an employee of W. & W. Development. Cook testified the boiler was functioning properly throughout 2009.

{¶5} Shortly after 9:00 a.m. on February 2, 2009, appellant drove his Chevy Tahoe into the car wash. Appellant had been to the car wash three or four times previously. Appellant testified that morning the weather was cold, wet, and snowy, although there was no precipitation falling at the time he arrived at the car wash. The roads and parking lot were wet, as he described, as if snow had been cleared away. Appellant had lived in Ohio since 1971, and was aware that when the weather was bad like it was on February 2, there was good chance of freezing.

{¶6} Appellant's deposition testimony states he pulled in one of the wand-style bays and opened his front door. He put his left leg out and "swiped" his foot across the floor to see if it was slick. Finding that it was not slick, but just wet from prior use, he shut the car off, got out of the car, reached in his pocket for quarters to operate the machine and walked around the back of the vehicle towards the wand machine. At this point he slipped and fell, breaking his femur and rendering him unable to move. Appellant testified while he was lying on the ground waiting for help to arrive, he was able to see the ice on the floor at the back of the vehicle. He described the ice as "black ice" because he was not able to see it prior to his fall.

{¶7} Civ. R. 56 states in pertinent part:

{¶8} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶9}  A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, *Hounshell v. American States Insurance Company* (1981), 67 Ohio St. 2d 427, 424 N.E.2d 311.  The court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321, 474 N.E.2d 271.  A fact is material if it affects the outcome of the case under the applicable substantive law, *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App. 3d 301, 733 N.E.2d 1186.

{¶10}  When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St. 3d 35, 506 N.E.2d 212.  This means we review the matter de novo, *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶11} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, *Drescher v. Burt* (1996), 75 Ohio St. 3d 280, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, *Henkle v. Henkle* (1991), 75 Ohio App. 3d 732, 600 N.E.2d 791.

{¶12} The trial court found in order to succeed in his claim sounding in negligence, appellant had to prove appellee owed him a duty, that appellee breached the duty, and appellant's damage was proximately caused by the breach. The question of whether or not a duty exists in a negligence action is a legal question for the court. Judgment Entry of November 4, 2010, at page 3, citing *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318. The court found the first step in analyzing whether appellee owed a duty to appellant was to determine whether the ice in the bay was a natural or unnatural accumulation.

{¶13} The trial court found a property owner has no duty to remove or warn of natural accumulations of ice on the property unless the owner has notice the accumulation has created conditions substantially more dangerous to invitees than they should have reason to expect based upon their knowledge of conditions generally prevailing in the area. Judgment Entry at 3, citing *Brinkman v. Ross* (1993), 68 Ohio

St.3d 82, 83. An exception is if the owner has taken some action to aggravate or perpetuate the hazardous presence of ice. Judgment Entry at 3, citing *Marks v. River Valley Plaza, Ltd. Partnership* (June 13, 1994), Fairfield App. No. 24-CA-MAY-1993. By contrast, if the accumulation of ice is unnatural, a duty to remove or warn may attach. Judgment Entry at 4 citing *Bevins v. Arledge,* Pickaway App. No. 03CA19, 2003-Ohio-7297. The trial court correctly found a natural accumulation of ice is that which forms from inclement weather conditions, whereas an unnatural accumulation of ice is man-made, arising from causes other than the meteorological forces of nature. Id., citations deleted.

{¶14} The court found the weather had been inclement, both ends of the bay were open, and the ice was located inside the car wash bay. The court concluded it was conceivable that the accumulation of ice was natural and a result of the moisture remaining after precipitation had blown inside. If so, nothing in the record suggested appellee had any knowledge of its presence or its likelihood of forming. The court found the sub-floor heating system was a reasonable step to prevent the formation of ice, and concluded that if the ice is considered to be a natural accumulation, appellee had no duty to either remove the ice or warn appellant of its presence.

{¶15} If, on the other hand, the ice was a result of previous car washing and therefore man-made, the appellee had a duty to remove the ice or warn its invitees, unless the condition is so open and obvious that both the invitee and owner are equally aware of the dangerous condition, and the invitee voluntarily exposes himself to the hazard.

**{¶16}** The trial court found the danger of finding icy conditions when using a car wash in sub-freezing temperatures is so obvious that no duty attaches to the owner unless the owner has done something to aggravate the risk inherent in the activity. Judgment Entry at 5, citing *Bevins,* supra, and *Courture v. Oak Hill Rentals,* Ottawa App. No. OT-03-048, 2004-Ohio-5237. The trial court found even if the ice accumulation is considered to be man-made, the risk of ice forming in a car wash bay in sub-freezing weather is so open and obvious that common sense dictates an ordinary person should expect that using water to spray a car during sub-freezing temperatures might render the ground slippery. The court found appellant was aware of the risk because he testified after he pulled into the car wash he tested the traction inside the bay by swiping his foot along the floor before stepping out of the vehicle. The court found there would have been no reason to do so if appellant had not suspected the floor might be slippery.

**{¶17}** The trial court concluded that regardless of whether one considers the accumulation of ice nature or unnatural, appellee had no duty to remove the ice or to warn invitees such as appellant.

**{¶18}** Appellant argues the trial court's reliance on *Bevins,* supra and *Courture,* supra is misplaced. Appellant distinguishes those cases from the case at bar in that in each, the plaintiff slipped and fell outside the service bay of the car wash. Appellant argues the area outside the service bays might be expected to get wet and freeze, but the interior of the service bays might be expected to be wet, but not icy. He argues he swiped his foot across the wet surface of the floor because he anticipated the floor might be slippery because it was wet, not because he believed it might be icy.

{¶19} Appellant also argues the term "black ice" is inherently not open and obvious, because it refers to a hazard not subjectively apparent. Appellant also argues appellee could have fulfilled its duty to frequenters such as him by simply keeping the boiler operating 24 hours a day so the interior floor of the service bays would not freeze overnight. As an alternative, he suggests the public not be allowed to use the car wash during the cold months or appellee could put down salt, grit, or rubber mats to protect its customers.

{¶20} In *Simpson v. Concord United Methodist Church,* Montgomery App. No. 20382, 2005-Ohio-4534, the Second District reviewed a case where a woman fell in the parking lot of her child's day care provider. The appellant claimed her attention was distracted because she was carrying her child; the parking lot was sloped and thus more difficult to navigate than a flat surface; and the previous plowing had created unnatural run-off and refreezing conditions. The court of appeals found the condition of the lot was open and obvious, and the day care center owed no duty to appellant. The unnatural conditions of run-off and refreezing are "subsidiary conditions" commonly occurring along with natural accumulation of snow and ice, and as such, invitees are charged with knowledge of the hazards those conditions involve and the risks of injury they present. *Simpson* at paragraph 27, citations deleted.

{¶21} Similarly in *Couture,* supra, the court found the risk of ice forming while using a car wash in freezing temperatures is so open and obvious that no duty attaches to the land owner, absent evidence that the owner has somehow aggravated the inherent risk. Here, the record contains no evidence appellee aggravated the risk inherent in using a car wash in freezing weather.

**{¶22}** We find the trial court did not err in determining that the question of whether the accumulation of ice was natural or unnatural was immaterial to the ultimate issue of what duty appellee owed appellant. We further find the trial court did not err in determining the appellant was aware the floor might be slippery. Whether he attributed this to ice or simply the moisture on the floor, it is undisputed appellant tested the floor before he stepped out of his vehicle because he believed it could be slick.

**{¶23}** We conclude the trial court did not err in determining appellee was entitled to summary judgment as a matter of law.

**{¶24}** The assignment of error is overruled.

**{¶25}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

WSG:clw 0414

[Cite as *Workman v. W&W Dev. Corp.*, 2011-Ohio-2305.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHARLES E. WORKMAN | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| W.&W. DEVELOPMENT CORPORATION | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2010-CA-0138 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. JULIE A. EDWARDS